UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL DUDLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV NORTH AMERICA, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | No. _____<br><br>**Notice of Removal to Federal Court** |

TO:   THE CLERK OF COURT FOR THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

AND:  PLAINTIFF AND HER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendant Transdev North America, Inc. ("Transdev"), by and through its counsel, hereby removes the above-entitled state court action from the Superior Court of the State of Washington in and for the County of Snohomish (Case No. 24-2-03434-31, filed on May 3, 2024) to the United States District Court for the Western District of Washington. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), § 1332(d) (the Class Action Fairness Act ("CAFA")), § 1441 (a) and (b), and § 1453. It is timely under 28 U.S.C. § 1446. In support, Transdev states as follows:

## I.   BACKGROUND

1.   On May 3, 2024, Plaintiff Crystal Dudley ("Plaintiff") filed a Class Action

**Notice of Removal**
No. _____

Page 1

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

1  Complaint for Damages against Transdev and DOES 1 through 100 in the Superior Court of
2  Washington, Snohomish County, captioned <u>Crystal Dudley v. Transdev North America, Inc., et
3  al.</u>, Case No. 24-2-03434-31 (the "Complaint").  A true and accurate copy of the Complaint is
4  attached Exhibit A.

5    2. Transdev was served with a copy of the Complaint and a Summons from the state
6  court on May 8, 2024.  A true and accurate copy of the Summons is attached as Exhibit B.

7    3. The Complaint asserts one cause of action against Defendants on behalf of
8  Plaintiff and a proposed class for alleged violations of Washington's Equal Pay and
9  Opportunities Act, RCW 49.58.110. Compl. ¶¶ 30-35. Plaintiff claims that she applied to a job
10 position at Transdev in Everett, Washington in response to a job posting that did not disclose the
11 position's wage scale or salary range in violation of the Washington statute. Compl. ¶ 10.
12 Plaintiff further claims that Transdev posted "job postings for other positions available in
13 Washington that similarly" violated Washington's statute for failing to "disclose the salary range
14 or wage scale for the position." Compl. ¶ 23.

15     **II. STATEMENT OF SUBJECT MATTER JURISDICTION**

16   4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and
17 CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable under 28 U.S.C. § 1453
18 because (1) it is a case with complete diversity of citizenship between the named Plaintiff and
19 Transdev with over $75,000 in controversy; and/or (2) it meets CAFA's requirements as (a) it is a
20 putative class action in which at least one member of the class of plaintiffs is a citizen of a state
21 different from that of any one defendant, satisfying minimal diversity requirements, (b) the
22 proposed class is estimated to exceed 100 members, and (c) the amount in controversy exceeds
23 $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

24   **A. Complete Diversity of Citizenship Exists**

25   5. Citizenship of the parties is determined by their citizenship status at the
26 commencement of the action. 28 U.S.C. § 1332(d)(7).

27   6. Plaintiff's Citizenship. Transdev is informed and believes that Plaintiff is, and at

**Notice of Removal** Page 2 SCHLEMLEIN FICK & FRANKLIN, PLLC
No. _____  66 S. Hanford Street, Suite 300
    Seattle, WA 98134
    Phone: (206) 448-8100 Fax: (206) 448-8514

1  all relevant times was, a resident of and domiciled in the State of Washington. Compl. ¶ 9.
2  Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a
3  citizen of the State of Washington.

4        7.     Corporate Defendant's Citizenship. A corporate defendant is a citizen of any state
5  where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

6        8.     A corporation's principal place of business is determined by the "nerve center"
7  test, which looks to where the corporation maintains its corporate headquarters and where the
8  corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v.*
9  *Friend*, 559 U.S. 77, 90-94 (2010).

10       9.     Transdev is incorporated in the state of Delaware.

11       10.    Transdev maintains its corporate headquarters and principal place of business in
12 Lombard, Illinois. Transdev's management-level executives and corporate officers maintain
13 offices in Illinois and its corporate decisions are made through its headquarters. Thus, Illinois is
14 Transdev's "nerve center."

15       11.    Transdev is therefore a citizen of Delaware and Illinois for diversity purposes. 28
16 U.S.C. § 1332(c)(1).

17       12.    Based on the foregoing, complete diversity exists between Plaintiff and Transdev
18 because Plaintiff is a citizen of Washington and Transdev is a citizen of Delaware and Illinois.

19       13.    Doe Defendants.  In determining whether a civil action is removable under 28
20 U.S.C. § 1332(a), citizenship of defendants sued under fictitious names are disregarded. 28
21 U.S.C. § 1441(b)(1). Thus, the existence of Doe Defendants 1 through 100 does not deprive this
22 Court of jurisdiction.

23     **B.**    **The Proposed Class Contains More Than 100 Members**

24       14.    Plaintiff's Complaint defines the potential class as: "All individuals who, from
25 January 1, 2023 through the present . . . applied for a job opening in the State of Washington with
26 any one or more of the [Defendants]." Compl. ¶ 29.

27       15.    Although Transdev does not concede that a class should be certified, it has

**Notice of Removal**  
No. _____  
Page 3  
SCHLEMLEIN FICK & FRANKLIN, PLLC  
66 S. Hanford Street, Suite 300  
Seattle, WA 98134  
Phone: (206) 448-8100 Fax: (206) 448-8514

1  determined that from January 1, 2023, to May 30, 2024: (i) a total of 4,045 individuals applied
2  for jobs at Transdev in Washington, and (ii) a total of 2,261 individuals applied for jobs at
3  Transdev's facility in Everett, Washington to which Plaintiff allegedly applied. Compl. ¶¶ 10, 20;
4  *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (noting a party "need not
5  concede liability" to remove a case to federal court under CAFA).

6   16.   Therefore, accepting the putative class definition in the Complaint (as the Court
7  must at the pleading stage), Plaintiff's proposed class exceeds 100 members for purposes of
8  conferring jurisdiction under CAFA.

   **C.   The Amount in Controversy Requirement is Satisfied**

10   17.   For diversity jurisdiction, the amount in controversy must meet or exceed
11  $75,000. 28 U.S.C. § 1332(a). For CAFA, the amount in controversy must meet or exceed
12  $5,000,000. 28 U.S.C. § 1332(d)(2).

13   18.   Transdev denies that Plaintiff or any putative class member is entitled to any
14  relief. However, in determining the amount in controversy, the Court must assume Plaintiff's
15  allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff and
16  class on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246,
17  1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the
18  plaintiff's complaint, not what a defendant will actually owe." (internal quotation omitted)).

19   19.   Where, as here, the plaintiff's state court complaint is silent as to the amount of
20  damages claimed, the Ninth Circuit employs "a preponderance of the evidence" standard. *See*
21  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). Under that standard, the
22  amount in controversy can incorporate assumptions, including the maximum amount put into
23  issue, as "the amount in controversy is simply an estimate of the total amount in dispute." *Id.* at
24  400. The amount in controversy is the total "amount at stake in the underlying litigation" which
25  "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by
26  the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)
27  (internal citations omitted and modifications in the original) (diversity removal).

**Notice of Removal**
No. _____

Page 4

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

20. This amount includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648-49; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (stating in CAFA removal action that when s statute provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy). Importantly, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions unless the plaintiff contests removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21. Here, the statute under which Plaintiff asserts her claim on behalf of herself and a putative class provides damages equal to actual damages or $5,000, whichever is greater. RCW 49.58.070. Thus, given that at least 4,045 individuals fall within Plaintiff's proposed class of people who applied for a Transdev job opening in Washington, the amount at stake totals $20,225,000 (4,045 x $5,000), far exceeding CAFA's $5,000,000 threshold even before fees or costs.

22. Again, Transdev is not conceding liability and does not need to make such a concession to remove this action under CAFA. *Lewis*, 627 F.3d at 400 (finding the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (vacating order of remand where trial court "seem[ed] to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate" of violation in order to estimate the amount in controversy). Plaintiff's Complaint pleads potential statutory damages that exceed CAFA's amount in controversy threshold based on the number of potential class members as Plaintiff defines them. *See Moliga v. Qdoba Restaurant Corporation*, Case No. 2:23-cv-01084-LK, Minute Order entered on August 22, 2023 (finding the defendant adequately showed cause to support removal in the plaintiff's class action under RCW 49.58.110).

1  23. Additionally, Plaintiff seeks attorney fees as set out in in the remedies sections of
2  RCW 49.58.110(4) and RCW 49.58.070(1). It is well-settled that attorneys' fees are included in
3  calculating the amount-in-controversy for removal purposes. *Gonzales*, 840 F.3d at 648-49.
4  Assuming that counsel for Plaintiff and the proposed class has an hourly rate of at least $400.00,
5  and conservatively estimating that Plaintiff's counsel will spend at least 200 hours litigating this
6  class action through discovery, class certification, summary judgment, and trial, the attorneys'
7  fees alone (calculated as $400 hourly rate x 200 hours) will total $80,000.00. Transdev
8  reasonably expects that Plaintiff will also demand as much as $15,000 or $20,000 (in addition to
9  any statutory damages) related to their role as class representative.

10  24. Accordingly, the amount in controversy requirement is met at the pleading stage
11  to support removal under CAFA jurisdiction.

12  **III.   REMOVAL IS TIMELY**

13  25. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Transdev is filing this
14  Notice for Removal within thirty (30) days after the Complaint was served. *Murphy Brothers,*
15  *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

16  **IV.   VENUE IS PROPER**

17  26. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the
18  district courts of the United States have original jurisdiction, may be removed by the defendant
19  or the defendants, to the district court of the United States for the district and division embracing
20  the place where such action is pending." *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S.
21  663, 666 (1953). The Western District of Washington embraces the County of Snohomish
22  Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is
23  currently pending. Accordingly, this Court is the appropriate federal district court to which
24  Transdev removes this action.

25  **V.   NOTICE OF REMOVAL TO STATE COURT**

26  27. In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy
27  of this Notice of Removal and all supporting papers will promptly be served on Plaintiff's

counsel and filed with the Clerk of the County of Snohomish Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied. A copy of the Notice to State Court of Removal to Federal Court that will be filed is attached as Exhibit C.

## VI.  CONCLUSION

28. As set forth above, the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 (a) and (d) because the required diversity of citizenship is present, the proposed class exceeds 100 members, and as pled, the amount in controversy exceeds the jurisdictional minimum. Accordingly, Transdev respectfully removes this action from the Superior Court of Snohomish County in the State of Washington to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED this 7th day of June, 2024.

SCHLEMLEIN FICK & FRANKLIN PLLC

 /s/ Brian K. Keeley
Brian K. Keeley, WSBA No. 32121
66 South Hanford Street, Suite 300
Seattle, Washington 98134
Phone: (206) 448-8100
Fax: (206) 448-8514
Email: bkk@soslaw.com
Attorneys for Defendant

**Notice of Removal**
No. _____

Page 7

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

# CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

[none]

And I hereby certify that I have arranged to have the document served by messenger to the following non CM/ECF participants:

Jamie K. Serb
Zachary M. Crosner
CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA  98121
Telephone:  (866) 276-7637
Facsimile:  (310) 510-6429
jamie@crosnerlegal.com
zach@crosnerlegal.com

Dated this 7th day of June, 2024.

    */s/ Brian K. Keeley*
Brian K. Keeley, WSBA 32121
SCHLEMLEIN FICK & FRANKLIN PLLC
66 South Hanford Street, Suite 300
Seattle, Washington 98134
Phone: (206) 448-8100
Fax: (206) 448-8514
Email: bkk@soslaw.com
Attorneys for Defendant

**Notice of Removal**
No. _____

Page 8

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514