1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 CRYSTAL DUDLEY, individually and on
behalf of all others similarly situated,

11                     Plaintiff,

12          v.

13 TRANSDEV NORTH AMERICA, INC., and
DOES 1 through 100, inclusive,

14

                      Defendants.

15

CASE NO. C24-cv-00810-KKE

**STIPULATED PROTECTIVE ORDER**

16

17 1.        PURPOSES AND LIMITATIONS

18          Discovery in this action is likely to involve production of confidential, proprietary, or

19 private information for which special protection may be warranted. Accordingly, the parties hereby

20 stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

21 acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

22 protection on all disclosures or responses to discovery, the protection it affords from public

23 disclosure and use extends only to the limited information or items that are entitled to confidential

24 treatment under the applicable legal principles, and it does not presumptively entitle parties to file

25 confidential information under seal.

26

2.	"CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel, employment, job applicant records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.	SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.	ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1	Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2	Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

STIPULATED PROTECTIVE ORDER                              2
No. C24-cv-00810-KKE

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the

**STIPULATED PROTECTIVE ORDER**     3
No. C24-cv-00810-KKE

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

1  designating party must identify the basis for sealing the specific confidential information at issue,

2  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

3  the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

4  the standards that will be applied when a party seeks permission from the court to file material

5  under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

6  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

7  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

8  the strong presumption of public access to the Court's files.

9  5.      DESIGNATING PROTECTED MATERIAL

10      5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party

11  or non-party that designates information or items for protection under this agreement must take

12  care to limit any such designation to specific material that qualifies under the appropriate

13  standards. The designating party must designate for protection only those parts of material,

14  documents, items, or oral or written communications that qualify, so that other portions of the

15  material, documents, items, or communications for which protection is not warranted are not swept

16  unjustifiably within the ambit of this agreement.

17      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

18  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

19  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

20  and burdens on other parties) expose the designating party to sanctions.

21      If it comes to a designating party's attention that information or items that it designated for

22  protection do not qualify for protection, the designating party must promptly notify all other parties

23  that it is withdrawing the mistaken designation.

24      5.2      Manner and Timing of Designations. Except as otherwise provided in this

25  agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

26  ordered, disclosure or discovery material that qualifies for protection under this agreement must

**STIPULATED PROTECTIVE ORDER**          4
No. C24-cv-00810-KKE

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

1    be clearly so designated before or when the material is disclosed or produced.

2            (a)     Information in documentary form: (*e.g.*, paper or electronic documents and

3    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

4    the designating party must affix the word "CONFIDENTIAL" to each page that contains

5    confidential material. If only a portion or portions of the material on a page qualifies for protection,

6    the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

7    markings in the margins).

8            (b)     Testimony given in deposition or in other pretrial proceedings: the parties

9    and any participating non-parties must identify on the record, during the deposition or other pretrial

10   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

11   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

12   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

13   exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

14   at trial, the issue should be addressed during the pre-trial conference.

15           (c)     Other tangible items: the producing party must affix in a prominent place

16   on the exterior of the container or containers in which the information or item is stored the word

17   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

18   the producing party, to the extent practicable, shall identify the protected portion(s).

19       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

20   designate qualified information or items does not, standing alone, waive the designating party's

21   right to secure protection under this agreement for such material. Upon timely correction of a

22   designation, the receiving party must make reasonable efforts to ensure that the material is treated

23   in accordance with the provisions of this agreement.

24   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

25       6.1    Timing of Challenges. Any party or non-party may challenge a designation of

26   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

**STIPULATED PROTECTIVE ORDER**        5
No. C24-cv-00810-KKE

1    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

2    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

3    challenge a confidentiality designation by electing not to mount a challenge promptly after the

4    original designation is disclosed.

5        6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

6    regarding confidential designations without court involvement. Any motion regarding confidential

7    designations or for a protective order must include a certification, in the motion or in a declaration

8    or affidavit, that the movant has engaged in a good faith meet and confer conference with other

9    affected parties in an effort to resolve the dispute without court action. The certification must list

10   the date, manner, and participants to the conference. A good faith effort to confer requires a face-

11   to-face meeting or a telephone conference.

12       6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

13   intervention, the designating party may file and serve a motion to retain confidentiality under Local

14   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

15   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

16   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

17   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

18   the material in question as confidential until the court rules on the challenge.

19   7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

20   LITIGATION

21       If a party is served with a subpoena or a court order issued in other litigation that compels

22   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

23   must:

24       (a)    promptly notify the designating party in writing and include a copy of the

25   subpoena or court order;

26       (b)    promptly notify in writing the party who caused the subpoena or order to

**STIPULATED PROTECTIVE ORDER**          6
No. C24-cv-00810-KKE

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

1    issue in the other litigation that some or all of the material covered by the subpoena or order is

2    subject to this agreement. Such notification shall include a copy of this agreement; and

3              (c)      cooperate with respect to all reasonable procedures sought to be pursued by

4    the designating party whose confidential material may be affected.

5    8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6            If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

7    material to any person or in any circumstance not authorized under this agreement, the receiving

8    party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

9    (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

10   person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

11   and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

12   Bound" that is attached hereto as Exhibit A.

13   9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

14   MATERIAL

15           When a producing party gives notice to receiving parties that certain inadvertently

16   produced material is subject to a claim of privilege or other protection, the obligations of the

17   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

18   is not intended to modify whatever procedure may be established in an e-discovery order or

19   agreement that provides for production without prior privilege review. The parties agree to the

20   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

21   10.     NON TERMINATION AND RETURN OF DOCUMENTS

22           Within 60 days after the termination of this action, including all appeals, each receiving

23   party must return all confidential material to the producing party, including all copies, extracts and

24   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

25           Notwithstanding this provision, counsel are entitled to retain one archival copy of all

26   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

**STIPULATED PROTECTIVE ORDER**          7          HUSCH BLACKWELL LLP
No. C24-cv-00810-KKE                                 8001 Forsyth Boulevard, Suite 1500
                                                     St. Louis, Missouri 63105
                                                     Phone: (314) 480-1926 Fax: (314) 480-1505

1  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

2  product, even if such materials contain confidential material.

3       The confidentiality obligations imposed by this agreement shall remain in effect until a

4  designating party agrees otherwise in writing or a court orders otherwise.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**STIPULATED PROTECTIVE ORDER**                          8
No. C24-cv-00810-KKE

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 4, 2024

*s/ Jamie K. Serb*
Attorneys for Plaintiff

**CROSNER LEGAL, P.C.**

Jamie K. Serb
Zachary M. Crosner
92 Lenora Street, #179
Seattle, WA  98121
Telephone:  (866) 276-7637
Facsimile:  (310) 510-6429
jamie@crosnerlegal.com
zach@crosnerlegal.com

DATED:  October 4, 2024

*s/ Andrew J. Weissler*
Attorneys for Defendant Transdev North
America, Inc.

**HUSCH BLACKWELL LLP**

Andrew J. Weissler, Admitted Pro Hac Vice
Owen Davis, Admitted Pro Hac Vice
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926
Fax: (314) 480-1505
Email: AJ.Weissler@huschblackwell.com
Email: Owen.Davis@huschblackwell.com

DATED:  October 4, 2024

*s/ Benjamin Lance*
Attorneys for Defendant Transdev North
America, Inc.

**SCHLEMLEIN FICK & FRANKLIN PLLC**

Benjamin Lance, WSBA No. 52657
66 South Hanford Street, Suite 300
Seattle, Washington 98134
Telephone: (206) 448-8100
Facsimile: (206) 448-8514
Email: bwl@soslaw.com

**STIPULATED PROTECTIVE ORDER**          9
NO. C24-CV-00810-KKE

1         PURSUANT TO STIPULATION, IT IS SO ORDERED

2         IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3   documents, electronically stored information (ESI) or information, whether inadvertent or

4   otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6   documents, including the attorney-client privilege, attorney work-product protection, or any other

7   privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8   protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11  segregation of privileged and/or protected information before production.  Information produced

12  in discovery that is protected as privileged or work product shall be immediately returned to the

13  producing party.

14

15        DATED: October 9, 2024

16

17

18  _____

19  Kymberly K. Evanson
    United States District Court Judge

20

21

22

23

24

25

26

**STIPULATED PROTECTIVE ORDER**
No. C24-cv-00810-KKE

10

Husch Blackwell LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1926 Fax: (314) 480-1505

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Crystal Dudley v. Transdev North America Inc, et al.*, Case No. C24-00810-KKE. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

**STIPULATED PROTECTIVE ORDER**          Exhibit A
No. 2:24-cv-00810-KKE