1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL DUDLEY,
                          Plaintiff(s),
          v.

TRANSDEV NORTH AMERICA INC et al.,
                          Defendant(s).

CASE NO. C24-00810-KKE

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

Plaintiff Crystal Dudley sues Defendant Transdev North America, Inc. ("Transdev"), alleging that Transdev published defective job postings that fail to include a salary range or wage scale, and thus, violate the Washington Equal Pay and Opportunities Act ("EPOA"), WASH. REV. CODE § 49.58.110. Dkt. No. 1-1. Dudley initiated this class action in Snohomish Superior Court, suing on behalf of similarly situated individuals who also did not receive pay information in Transdev's job postings. *Id.* On June 7, 2024, Transdev removed the case to this Court, arguing that federal jurisdiction is proper based on diversity of citizenship, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. No. 1 at 2.

Now, Dudley moves to remand this action to state court for lack of Article III standing and subject matter jurisdiction. Dkt. No. 28. In its response, Transdev "does not dispute Plaintiff's admitted lack of Article III standing" and "does not oppose the Motion's request for relief that the

Court remand this case to Snohomish County Superior Court[1] where it originated."  Dkt. No. 31 at 2.  The Court GRANTS Dudley's motion to remand (Dkt. No. 30) for lack of Article III standing.

## I.    LEGAL STANDARD

Generally, district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  A defendant can remove a case initially filed in state court if the district courts have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  To protect state court jurisdiction, the Court construes removal jurisdiction in favor of remand.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  If there is any doubt as to the right of removal, the Court must reject jurisdiction.  *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (citing *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

## II.    ANALYSIS

The parties agree that Dudley does not have Article III standing in this Court.  Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  The requirements for standing "can neither be waived by the parties nor ignored by the court[.]"  *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011).  To establish standing, Dudley must show that she has suffered an injury-in-fact that is (1) concrete and particularized, (2) actual or imminent, (3) fairly traceable to Transdev's conduct, and (4) likely to be redressed by a favorable decision.  *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018).  To decide whether a

---

[1] In the motion to remand, Dudley incorrectly states that she "filed this class action in King County Superior Court." Dkt. No. 28 at 2.  However, she clarifies her position in her reply, stating that "the Court should return this state law putative class action to Snohomish County Superior Court."  Dkt. No. 32.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 2

statutory violation constitutes a concrete harm or injury-in-fact, the Court considers (1) "whether the statutory provisions at issue were established to protect…concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). Here, unlike other cases recently decided in this district, the parties agree that Dudley has not alleged actual harm, or a material risk of harm. Rather, Dudley alleges only a technical violation of § 49.58.110 RCW.

Notably, some courts in this district have stayed § 49.58.110 claims pending the Washington Supreme Court's answer to Judge John Chun's certified question[2] in *Branson v. Washington Fine Wines & Spirits, LLC*, No. 2:24-cv-00589-JHC—which seeks to clarify the meaning of "job applicant" under the EPOA. *See, e.g.*, Order Granting Defendant's Motion to Stay, *Rummel v. Red Robin Int'l, Inc.*, No. 24-cv-05360-BHS (W.D. Wash. Nov. 19, 2024), Dkt. No. 17; *Hill v. Les Schwab Tire Centers of Wash. LLC*, No. 24-cv-425-BJR, 2024 WL 4765145, at *3 (W.D. Wash. Oct. 30, 2024) ("The definition of 'job applicant' in the EPOA will provide clarity to the meaning and intent of the statute, which informs this Court's interpretation of the procedural violation and who is harmed thereby for purposes of analyzing Article III standing."). That said, where no stay is requested, courts have consistently concluded that unless a plaintiff alleges facts showing that they are a "bona fide applicant," they lack standing to proceed in federal court. *See, e.g.*, *Spencer v. Total Renal Care, Inc.*, No. C24-1359RSM, 2024 WL 4834901, at *2 (W.D. Wash. Nov. 20, 2024) (finding that allegations that plaintiff "lost valuable time" is insufficient to establish an Article III injury-in-fact); *Floyd v. DoorDash, Inc.*, No. 23-cv-1740-

---

[2] The certified question is "What must a Plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)? For example, must they prove that they are a 'bona fide' applicant?" *Branson v. Washington Fine Wines & Spirits, LLC*, No. 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 557 P.3d 253 (Wash. 2024).

BJR, 2024 WL 2325128, at *2 (W.D. Wash. May 22, 2024); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *3 (W.D. Wash. Sept. 12, 2024); Order Granting Plaintiff's Motion to Remand, *Wright v. HP Inc.*, No. 2:24-cv-01261-MJP (W.D. Wash. Nov. 5, 2024), Dkt. No. 18.  *C.f. Moquete v. GNC Holdings, LLC*, No. CV24-05393 BHS, 2024 U.S. Dist. LEXIS 192890, at *5 (W.D. Wash. Oct. 23, 2024) (concluding that a plaintiff established injury-in-fact because she applied for and obtained a position with defendant).

Here, while Dudley alleges that she applied for a Transdev job posting that did not disclose the wage scale or salary range, she concedes that she does not plead any facts to show her intent. Dkt. No. 1-1 at 6; *see, e.g.*, *Branson*, No. 2:24-cv-00589-JHC, Dkt. No. 1-2 ¶ 19 (alleging that "Plaintiff applied to work for Defendant in good faith with the intent of gaining employment"), Dkt. No. 25 (denying motion to remand).  She also does not provide other facts that would allow the Court to plausibly infer that she was exposed to a real risk of receiving unfair wages.  *See, e.g.*, *Moquete*, 2024 U.S. Dist. LEXIS 192890, at *5.  Moreover, neither party requests a stay pending an answer to *Branson*'s certified question.  As such, because no party asserts that Dudley has standing to sue in federal court, the Court must remand this case.

### III.  CONCLUSION

Accordingly, the Court ORDERS that:

1. Plaintiff's Motion for Remand is GRANTED;

2. This case is hereby REMANDED to the Superior Court of the State of Washington, County of Snohomish.

3. The Clerk is DIRECTED to administratively close this case.

Dated this 12th day of December, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5